**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| TERRA SOLKEY<br><br>      Plaintiff,<br><br>  v.<br><br>FEDERAL WAY SCHOOL DISTRICT, et al.;<br><br>      Defendants. | No. C08-0438 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' motion to compel production of documents and complete responses to interrogatories. (Dkt. No. 20.) The Court has considered the motion, the response (Dkt. No. 23) and the documents submitted in support thereof. The Court has not considered Plaintiff's reply (Dkt. No. 25) because it is untimely. The Court has not considered Defendant's surreply (Dkt. No. 31) because Defendants have not complied with Local Rule 7(g). The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. The Court ORDERS as follows:

1. With respect to Plaintiff's interrogatory number 4, Defendant shall provide a list of all those coaches hired. The list shall indicate (1) whether those coaches were employed before the 2006-2007 school year in the same position and (2) whether those coaches re-interviewed (e.g. whether they went through a formal re-hiring process).

ORDER ON MOTION TO COMPEL - 1

2. In response to Plaintiff's request for production number 3, Defendants do not need to produce entire personnel files. Defendants must provide Plaintiff with the applications for the coaching positions in question.

3. Because Mr. Lathan's 2005-2006 application does not offer a relevant comparison for Ms. Solkey's 2006-2007 application, Defendants need not produce anything further in response to Plaintiff's request for production number 16.

4. In response to Plaintiff's interrogatory number 20, Defendants must provide complaints made against coaches at Sequoyah Middle School, but need not provide all the complaints in the district.

5. In response to Plaintiff's request for production number 21, Defendants must provide any materials related to Mr. Abrahamson's coaching position (including any complaints). All other materials contained in his personnel files are irrelevant.

6. Plaintiff's motion to compel production of Mr. Abrahamson's student evaluations (request for production number 25) is granted, but limited to student evaluations at Sequoyah unless they were used in the hiring process. If non-Sequoyah student evaluations were used in the hiring process, Defendants also must produce them.

7. Plaintiff's motion to compel a response to request for production number 36 is denied.

8. Plaintiff seeks Defedants' tax returns as relevant to the question of punitive damages. (Dkt. No. 20 at 7.) The documents' relevance turns on whether the District will indemnify Defendants for any judgment. The Court reserves ruling on this issue and grants Plaintiff leave to file a renewed motion once the question of indemnity is answered.

9. Where the Court has so ordered, Defendant must provide any necessary discovery within ten (10) days of this Order.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

DATED this 5th day of March, 2009.

Marsha J. Pechman
United States District Judge

ORDER ON MOTION TO COMPEL - 3